1  SNYDER LAW, a Professional Corporation
   Barry Clifford Snyder (SB# 62844)
2  Kenneth H. Martin (SB# 240350)
   4050 Calle Real, Suite 200
3  Santa Barbara, CA 93110
   Telephone No.: 805.692.2800
4  Facsimile No.:  805.692.2801

5  Attorneys for Defendants US BANK N.A.
   and SELECT PORTFOLIO SERVICING, INC.
6

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10

11 | MARGARITA CORTEZ,                         | Case No. CV08-6737 R (PJWx)
12 |                      Plaintiff,           | Hon. Manuel L. Real - Courtroom 8
13 | v.                                        |
14 | TRI STAR REALTY AND                       | STATEMENT OF
   | INVESTMENTS INC., a California            | UNCONTROVERTED FACTS
15 | corporation; JAVIER GUERRERO;             | AND CONCLUSIONS OF LAW
   | ZACHERY YATES; JORGE                      |
16 | ENRIQUEZ; JOHN ROBLEDO;                   | [Filed concurrently with Notice of Motion
   | MARIA VERONICA ROBLEDO;                   | and Motion for Summary Judgment,
17 | LEOPOLDO GUERRERO; ANTONIA                | Request for Judicial Notice, and [Proposed]
   | GUERRERO; ARMANDO A. ZUNO,                | Judgment]
18 | JR.; and all persons claiming by,         |
   | through or under such person, all         | Date  :   May 4, 2009
19 | persons unknown, claiming any legal or    | Time  :   10:00 AM
   | equitable right, title, estate, lien, or  | Ctrm. :   8
20 | interest in the property described in the |
   | complaint adverse to Plaintiff's title, or|
21 | any cloud on Plaintiff's title thereto;   |
   | MORTGAGE ELECTRONIC                       |
22 | REGISTRATION SYSTEMS INC., a              |
   | Delaware corporation; NDEX WEST           |
23 | LLC., a Delaware limited liability        |
   | company; WELLS FARGO BANK N.A.            |
24 | doing business as AMERICAS                |
   | SERVICING COMPANY;                        |
25 | WASHINGTON MUTUAL BANK,                   |
   | F.A.; HOMEFIELD FINANCIAL INC.,           |
26 | a California corporation, its successors  |
   | and assigns; THE MORTGAGE STORE           |
27 | FINANCIAL INC., a California              |
   | corporation, its successors and assigns;  |
28 | QUALITY LOAN SERVICE                      |

SNYDER LAW
a Professional Corp.
4050 Calle Real, #200                                    1
Santa Barbara, CA. 93110    STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

CORPORATION, a California corporation; MERITAGE MORTGAGE CORPORATION, an Oregon corporation, its successors and assigns; HOMEWIDE LENDING CORP., a California corporation, its successors and assigns; SELECT PORTFOLIO SERVICING, INC., a Utah corporation; INDYMAC BANK FSB; EVERHOME MORTGAGE COMPANY a Florida corporation; EMC MORTGAGE COMPANY, a Delaware corporation; OCWEN LOAN SERVICING LLC, a Delaware limited liability company; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. on behalf of Credit Suisse Adjustable Rate Mortgage Trust 2006-3, a Delaware corporation; MERCHANTS BONDING COMPANY, an Iowa corporation; INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation; US BANK N.A. (Doe 1); BANK OF AMERICA NA, successor to La Salle Bank NA, Assignee of EMC Mortgage Corporation (Doe 2); FEDERAL HOME LOAN MORTGAGE ASSOCIATION, assignee of interest from EMC Mortgage Corporation (Doe 3); HSBC Bank USA, N.A., as Trustee for the registered holders of the Nomura Asset Acceptance Corporation Alternative Loan Trust Series 2006-S5 (Doe 4); and DOES 1-100, inclusive,

                Defendants.
_____/

Defendants Select Portfolio Servicing and US Bank, N.A., as predecessor in interest to DLJ Mortgage Capital, Inc ("DLJ"). (hereinafter collectively the "lenders") submit this Separate Statement of Issues, Undisputed Material Facts and Evidence in support of their Motion for Summary Judgment herein.

///

///

///

**ISSUE NO. 1:**     **THE TRUST DEEDS ARE VALID AND ENFORCEABLE BECAUSE PLAINTIFF HAS RATIFIED THE TRANSACTION.**

| MOVING PARTY'S UNDISPUTED MATERIAL AND FACTS & SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE SUPPORTING EVIDENCE |
|---|---|
| 1. In 2006, loans were taken out in the name of Margarita Cortez in the amounts of $400,000 and $100,000 (the "loans") for the express purpose of purchasing property located at 13401 Navajo Road in Apple Valley, CA (the "property"). [**Declaration of Bruce Kasierman, ¶ 3, 5, Ex. 1: Residential Loan Applications; Ex 2: Loan Notes; Ex. 5: Property Appraisal**] | |
| 2. The loans were secured by recorded deeds of trust on the property. [**Declaration of Bruce Kasierman, Ex. 3: Deeds of Trust**] | |
| 3. Plaintiff alleges that she was not aware of the sale of the property at the time it occurred, nor was she aware of the loans that were taken out in her name. [**Request for Judicial Notice, Ex. 7: Declaration of Margarita Cortez, ¶ 9-10**] | |
| 4. Defendant Javier Guerrero, the alleged forger of plaintiff's name on the deeds of trust, paid plaintiff $70,000 following the alleged fraudulent transaction. [**Request for Judicial Notice, Ex 7: Declaration of Margarita Cortez, ¶ 8**] | |
| 5. Plaintiff seeks to quiet title to the property in herself. [**First Amended Complaint**] | |

**ISSUE NO. 2:**     **PLAINTIFF CANNOT PREVAIL ON HER CLAIMS AGAINST THE LENDERS.**

| | |
|---|---|
| 6. Plaintiff did not allege in her First Amended Complaint that she filed a police report pursuant to Section 530.5 of the Penal Code. [**First Amended Complaint.**] | |

SNYDER LAW
a Professional Corp.
4050 Calle Real, #200
Santa Barbara, CA. 93110

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 7. Omitted. | |
| 8. Plaintiff alleges that she was not aware of the sale of the property at the time it occurred, nor was she aware of the loans. [**Request for Judicial Notice, Ex. 7: Declaration of Margarita Cortez, ¶ 9-10**] | |
| 9. Defendant Javier Guerrero, the alleged forger of plaintiff's name on the deeds of trust, paid plaintiff $70,000 following the alleged fraudulent transaction. [**Request for Judicial Notice, Ex 7: Declaration of Margarita Cortez, ¶ 8**] | |
| 10. Plaintiff seeks to quiet title to the property in herself.[**First Amended Complaint**] | |

ISSUE NO. 3:   (IN THE ALTERNATIVE) THE LENDERS ARE ENTITLED TO BE EQUITABLY SUBROGATED TO THE INTEREST OF THE PRIOR LIENHOLDER..

| | |
|---|---|
| 11. Prior to July 2006, the property located at 13401 Navajo Rd. (the "property") was owned by Kristine Louise Delgado and Cathryn Lynn Arndt. [**Declaration of Bruce Kasierman, Ex. 4: Grant Deed.**] | |
| 12. Prior to July 2006, the property was encumbered by a Deed of Trust, dated November 9, 2004, securing a $234,000 loan to Kristine Louise Delgado in favor of Option One Mortgage Corporation. [**Request for Judical Notice, Ex. 8: Option One Deed of Trust**] | |
| 13. Prior to July 2006, applications for two loans were submitted to the Mortgage Store. The applications appear to be signed by Margarita Cortez. [**Declaration of Bruce Kasierman, Ex. 1: Residential Loan Applications**] | |
| 14. The loan applications specify that the two loans, one for $400,000 and one for $100,000, were to be used for the purchase of the property. [**Declaration** | |

| | | |
|---|---|---|
| 1<br>2 | of Bruce Kasierman, Ex. 1: Residential Loan Applications] | |
| 3<br>4<br>5<br>6 | 15. The Mortgage Store, loaned Margarita Cortez the amounts of $400,000 and $100,000 (the "loans") for the express purpose of purchasing the property. [**Declaration of Bruce Kasierman ¶ 3, 5,; Ex. 1: Residential Loan Applications; Ex 2: Loan Notes; Ex. 5: Property Appraisal**] | |
| 7<br>8<br>9<br>10 | 16. The two mortgage loans were secured by deeds of trusts, apparently signed by Margarita Cortez, and duly recorded against the property. [**Declaration of Bruce Kasierman, Ex. 3: Deeds of Trust**] | |
| 11<br>12 | 17. On or about July, 2006, Kristine Louise Delgado and Cathryn Lynn Arndt deeded the property to "Margarita Cortez". [**Declaration of Bruce Kasierman, Ex. 4: Grant Deed.**] | |
| 13<br>14<br>15<br>16 | 18. Orange Coast Title instructed the escrow company to pay Option One the amount of $238,537.41.[**Declaration of Teresa Harrah, Ex. 6: Payoff Worksheet; Request or Judicial Notice, Ex. 9: Trust Deed Reconveyance.**] | |
| 17<br>18<br>19 | 19. Following the sale of the property, the Option One deed of trust was reconveyed. [**Request for Judicial Ntoice, Ex. 9: Trust Deed Reconveyance.**] | |
| 20<br>21<br>22 | 20. DLJ Mortgage Capital, Inc is the current holder of the beneficial interest in the two Cortez deeds of trust. [**Declaration of Bruce Kasierman, ¶ 4.**] | |
| 23<br>24 | 21. Select Portfolio, Inc. currently services both loans for DLJ Mortgage Capital, Inc. [**Declaration of Bruce Kasierman, ¶ 4.**] | |
| 25<br>26<br>27<br>28 | 22. The lenders relied on seemingly legitimate representations made by or on behalf of plaintiff when they acquired interest in the property. [**Declaration of Bruce Kasierman, Ex 1: Residential Loan Application; Ex 2: Loan Notes; Declaration of Bruce Kasierman, ¶ 3,** | |

| | | |
|---|---|---|
| | 5, 6.] | |
| | 23. The lenders acquired their interests in the property in good faith, for valuable consideration. [**Declaration of Bruce Kasierman, ¶ 4-6**] | |
| | 24. The lenders require that their loans be fully secured by a first or second priority lien against real property. [**Declaration of Bruce Kasierman, ¶ 5**] | |
| | 25. Plaintiff has not alleged that the lenders knew or should have known of the alleged fraudulent activities of the other defendants in this case. [**First Amended Complaint.**] | |
| | 26. With interest and penalties, the current amount due on the First Loan as of April 9, 2009 is $492,422.34. With interest and penalties, the current amount due on the Second Loan as of April 9, 2009, is $99,984.65. [**Declaration of Bruce Kasierman, ¶ 9**] | |

Dated: April 13, 2009           SNYDER LAW, a Professional Corporation

              /s/ Kenneth H. Martin
By: Barry Clifford Snyder / Kenneth Martin
Attorneys for Defendants US BANK N.A. and
SELECT PORTFOLIO SERVICING, INC.

[signature] May 4, 2009

MANUEL L. REAL
U.S.D.J.