```
 1  JESSE S. HERNANDEZ (Bar No. 92708)
      jsh@amclaw.com
 2  VANESSA H. WIDENER (Bar No. 203967)
      vhw@amclaw.com
 3  ARNOLD W. HOLADAY (Bar No. 166390)
      awh@amclaw.com
 4  ANDERSON, McPHARLIN & CONNERS LLP
    Thirty-First Floor
 5  444 South Flower Street
    Los Angeles, California 90071-2901
 6  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594
```



FILED
CLERK, U.S. DISTRICT COURT
JUN 29 2009
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Attorneys for Federal Deposit Insurance Corporation, as Conservator for IndyMac Federal Bank, FSB, HSBC Bank USA, N.A.; EMC Mortgage Corporation; Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; LaSalle Bank, N.A.; Washington Mutual Bank, F.A., Federal Home Loan Mortgage Corporation, LNV Corporation and MGC Mortgage, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARGARITA CORTEZ,<br><br>   Plaintiff,<br><br>vs.<br><br>TRI STAR REALTY AND INVESTMENTS, INC., a California corporation; JAVIER GUERRERO; ZACHERY YATES; JORGE ENRIQUEZ; JOHN ROBLEDO; MARIA VERONICA ROBLEDO; LEOPOLDO GUERRERO; ANTONIA GUERRERO; ARMANDO A. ZUNO, JR.; and all persons claiming by, through or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Delaware corporation; NDEX WEST LLC., a Delaware limited liability company; WELLS FARGO BANK N.A. doing business as AMERICAS SERVICING COMPANY; WASHINGTON MUTUAL BANK, | Case No. CV08-6737 R (PJWx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT OF DEFENDANT WASHINGTON MUTUAL BANK, F.A.**<br><br>Date: June 15, 2009<br>Time: 10:00 a.m.<br>Crtrm.: 8<br><br>Trial: July 28, 2009 |

738822.1 4872.036

1

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  F.A.; HOMEFIELD FINANCIAL INC.,
    a California corporation, its successors
2   and assigns; THE MORTGAGE
    STORE FINANCIAL INC., a
3   California corporation, its successors
    and assigns; QUALITY LOAN
4   SERVICE CORPORATION, a
    California corporation; MERITAGE
5   MORTGAGE CORPORATION, an
    Oregon corporation, its successors and
6   assigns; HOMEWIDE LENDING
    CORP, a California corporation, its
7   successors and assigns; SELECT
    PORTFOLIO SERVICING, INC. a
8   Utah corporation; INDYMAC BANK,
    FSB; EVERHOME MORTGAGE
9   COMPANY a Florida corporation;
    EMC MORTGAGE COMPANY, a
10  Delaware corporation; OCWEN LOAN
    SERVICING LLC, a Delaware limited
11  liability company; CREDIT SUISSE
    FIRST BOSTON MORTGAGE
12  SECURITIES CORP. on behalf of the
    Credit Suisse Adjustable Rate Mortgage
13  Trust 2006-3, a Delaware corporation;
    MERCHANTS BONDING
14  COMPANY, an Iowa corporation;
    INTERNATIONAL FIDELITY
15  INSURANCE COMPANY, a New
    Jersey corporation; US BANK N.A.
16  (Doe 1); BANK OF AMERICA NA,
    successor to La Salle Bank NA,
17  Assignee of EMC Mortgage
    Corporation (Doe 2); FEDERAL
18  HOME LOAN MORTGAGE
    ASSOCIATION, assignee of interest
19  from EMC Mortgage Corporation (Doe
    3); HSBC Bank USA, N.A., as Trustee
20  for the registered holders of the Nomura
    Asset Acceptance Corporation
21  Alternative Loan Trust Series 2006-S5
    (Doe 4); and DOES 5-100, inclusive,
22
            Defendants.
23
24  ///
25  ///
26  ///
27  ///
28  ///

738822.1 4872.036

2
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Defendant WASHINGTON MUTUAL BANK, F.A., submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Civil Rules against plaintiff MARGARITA CORTEZ ("CORTEZ"):

## UNCONTROVERTED FACTS

| Uncontroverted: | Supporting Evidence: |
|---|---|
| 1. In 2004, Plaintiff Margarita Cortez ("Plaintiff") used the services of defendant Tri-Star Realty & Investment ("Tri-Star") and Javier Guerrero to purchase real estate and obtain a mortgage loan. | 1. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶¶ 3-5. Request for Judicial Notice Nos. 2 and 3; Exhibits 5 and 6 to Motion for Summary Judgment. |
| 2. Plaintiff disclosed her personal information and credit history to Tri-Star and Javier Guerrero in the course of obtaining the loan. | 2. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶ 4. Request for Judicial Notice Nos. 2 and 3; Exhibits 5 and 6 to Motion for Summary Judgment. |
| 3. Tri-Star and Javier Guerrero then used her name and credit reputation for their own use and benefit by obtaining loans secured by purchase money deeds of trust to acquire the five pieces of real property at issue in this action. | 3. Plaintiff's Verified First Amended Complaint ¶¶ 33-34. Request for Judicial Notice No. 2; Exhibit 5 to Motion for Summary Judgment. |
| 4. Plaintiff was <u>not</u> involved in these transactions, did <u>not</u> sign any of the | 4. Plaintiff's Verified First Amended Complaint ¶ 34; Declaration of |

| Uncontroverted: | Supporting Evidence: |
|---|---|
| deeds of trust or loan documents, and did not discover that the five properties were purchased with purchase money loans in her name until after the transactions had taken place. | Margarita Cortez ¶¶ 6 and 23. Request for Judicial Notice Nos. 2 and 3; Exhibits 5 and 6 to Motion for Summary Judgment. |
| 5. Javier Guerrero agreed to pay Plaintiff $130,000 after admitting that he had used Plaintiff's identity to purchase one of the properties. Plaintiff received a partial payment of $70,000 from Javier Guerrero. | 5. Declaration of Margarita Cortez ¶¶ 7 and 8. Request for Judicial Notice No. 3; Exhibit 6 to Motion for Summary Judgment. |
| 6. A Grant Deed was executed by Javier Guerrero, transferring the real property located at 15741 Sago Road, # 1-4, Apple Valley, California ("the Sago Road Property") to John Robledo and Maria Veronica Robledo, husband and wife and Margarita Cortez, an unmarried woman, all as joint tenants and recorded on June 30, 2006 as Instrument No. 2006-0447223 in the County of San Bernardino Recorder's Office. | 6. Grant Deed, recorded on June 30, 2006 as Instrument No. 2006-0447223 in the County of San Bernardino Recorder's Office. Request for Judicial Notice No. 4; Exhibit 7 to Motion for Summary Judgment. |
| 7. John Robledo and Maria Robledo and Margarita Cortez executed a Deed of Trust in the amount of $492,000 in | 7. Deed of Trust recorded on June 30, 2006, as Instrument No. 2006-0447224 in the County of San |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

738822.1 4872.036

4

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Uncontroverted: | Supporting Evidence: |
|---|---|
| favor of Meritage Mortgage ("Meritage"), encumbering the Sago Road Property which was recorded on June 30, 2006, as Instrument No. 2006-0447224. | Bernardino Recorder's Office. Request for Judicial Notice No. 1; Exhibit 3 to Motion for Summary Judgment. |
| 8. The purchase money loan made by Meritage to the Robledos and Margarita Cortez in June 2006 ("the Meritage Loan") was intended to be in a first priority position secured by the Deed of Trust in the amount of $492,000 in favor of Meritage, encumbering the Sago Road Property which was recorded on June 30, 2006, as Instrument No. 2006-0447224. | 8. Declaration of Harold Galo ¶ 5. |
| 9. There was no notice of or reference to the claims of Margarita Cortez with regard to the Sago Road Property in the Meritage Loan file at the time the purchase money loan was made to the Robledos and Margarita Cortez in June 2006. | 9. Declaration of Harold Galo ¶ 7. |
| 10. On or about July 28, 2006, Washington Mutual Bank ("WAMU") purchased the loan and its servicing rights from Meritage. | 10. Declaration of Harold Galo ¶ 6; Exhibit 4 to Motion for Summary Judgment. |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

738822.1 4872.036

| | Uncontroverted: | Supporting Evidence: |
|---|---|---|
| 1 | | |
| 2 | 11. The Note secured by first Deed of Trust recorded on June 30, 2006, as Instrument No. 2006-0447224 was assigned to WAMU. | 11. Declaration of Harold Galo ¶ 6. |
| 6 | 12. JPMorgan is the servicer of the loan. Its servicing responsibilities include management of certain litigation relating to loans it services, including the current lawsuit. | 12. Declaration of Harold Galo ¶¶ 3 and 6. |
| 11 | 13. When WAMU acquired the Meritage Loan, it believed the Deed of Trust securing the loan was in a first priority position encumbering the Sago Road Property. | 13. Declaration of Harold Galo ¶ 5. |
| 16 | 14. Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee of Meritage and its successor and assigns and does not have a pecuniary interest in the notes of deeds of trust encumbering the Laguna Road Property. | 14. Request for Judicial Notice No. 1; Exhibit 3 to Motion for Summary Judgment. |

## CONCLUSIONS OF LAW

1. Because the Deed of Trust in the amount of $492,000 in favor of Meritage Mortgage which encumbered the Sago Road Property, recorded on July 30, 2006 as Instrument No. 2006-0447224, was signed by another person using Plaintiff's name, and that person intended to encumber the property, the Deed of

1. Trust is valid and enforceable.

2. Plaintiff cannot base her cancellation of instruments cause of action on the Identity Theft Statute (Civil Code § 1798.92 through 1798.97) because an identity theft victim may only recover undistributed surplus proceeds that remain after a trustee's sale of the property and the satisfaction of lienholders and creditors. Thus, Plaintiff cannot cancel the Deed of Trust encumbering the Sago Road Property which was recorded on June 30, 2006, as Instrument No. 2006-0447224 based on a claim of Identity Theft.

3. Plaintiff does not qualify as a "victim of identity theft" as defined in Civil Code 1798.92(d) which requires that the person not "use or possess the credit, goods, services, money, or property obtained by the identity theft" because Plaintiff admitted that she received $70,000 from perpetrator Javier Guerrero.

4. Plaintiff did not acquire any interest in the Sago Road Property pursuant to the Grant Deed recorded on June 30, 2006 as Instrument No. 2006-0447223 because someone else received title to the Sago Road Property in Plaintiff's name and encumbered the Sago Road Property with loans secured by first and second deeds of trust.

5. Plaintiff did not acquire any interest in the Sago Road Property pursuant to the Grant Deed recorded on June 30, 2006 as Instrument No. 2006-0447223 because she did not intend to accept title and did not accept title to the Sago Road Property.

6. Washington Mutual Bank, N.A. is entitled to judgment as a matter of law on Plaintiff's Seventh Cause of Action for Cancellation of Instruments as to the Sago Road Property.

7. Washington Mutual Bank, N.A. is entitled to judgment as a matter of law on Plaintiff's Twelfth Cause of Action for Quiet Title as to the Sago Road Property.

///

8.   Washington Mutual Bank, N.A. is entitled to judgment as a matter of law on Plaintiff's Seventeenth Cause of Action for Temporary and Permanent Injunction Against Foreclosure as to the Sago Road Property.

9.   Washington Mutual Bank, N.A. is entitled to judgment as a matter of law on Plaintiff's Eighteenth Cause of Action for Declaratory Relief as to the Laguna Road Property.

DATED: June **29**, 2009

_____
HON. MANUEL L. REAL