1  JESSE S. HERNANDEZ (Bar No. 92708)
    jsh@amclaw.com
2  VANESSA H. WIDENER (Bar No. 203967)
    vhw@amclaw.com
3  ARNOLD W. HOLADAY (Bar No. 166390)
    awh@amclaw.com
4  ANDERSON, McPHARLIN & CONNERS LLP
   Thirty-First Floor
5  444 South Flower Street
   Los Angeles, California 90071-2901
6  TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594


FILED
CLERK, U.S. DISTRICT COURT
JUN 29 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7  Attorneys for Federal Deposit Insurance Corporation, as Conservator for
   IndyMac Federal Bank, FSB, HSBC Bank USA, N.A.; EMC Mortgage
8  Corporation; Mortgage Electronic Registration Systems, Inc.; Ocwen Loan
   Servicing, LLC; LaSalle Bank, N.A.; Washington Mutual Bank, F.A., Federal
9  Home Loan Mortgage Corporation, LNV Corporation and MGC Mortgage, Inc.

10

11             UNITED STATES DISTRICT COURT

12     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

14 | MARGARITA CORTEZ,                              | Case No. CV08-6737 R (PJWx)
15 |         Plaintiff,                             | STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT OF DEFENDANTS EMC MORTGAGE CORPORATION, LASALLE BANK, N.A. AND FEDERAL HOME LOAN MORTGAGE CORPORATION
16 |   vs.
17 | TRI STAR REALTY AND INVESTMENTS, INC., a California
18 | corporation; JAVIER GUERRERO; ZACHERY YATES; JORGE
19 | ENRIQUEZ; JOHN ROBLEDO; MARIA VERONICA ROBLEDO;
20 | LEOPOLDO GUERRERO; ANTONIA GUERRERO; ARMANDO A. ZUNO,
21 | JR.; and all persons claiming by, through or under such person, all
22 | persons unknown, claiming any legal or equitable right, title, estate, lien, or
23 | interest in the property described in the complaint adverse to Plaintiff's title, or
24 | any cloud on Plaintiff's title thereto; MORTGAGE ELECTRONIC
25 | REGISTRATION SYSTEMS INC., a Delaware corporation; NDEX WEST
26 | LLC., a Delaware limited liability company; WELLS FARGO BANK
27 | N.A. doing business as AMERICAS SERVICING COMPANY;
28 | WASHINGTON MUTUAL BANK,                         | Date:  June 15, 2009
                                                     | Time:  10:00 a.m.
                                                     | Crtrm.: 8
                                                     |
                                                     | Trial: July 28, 2009

738832.1 4872.036

1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  F.A.; HOMEFIELD FINANCIAL INC.,
   a California corporation, its successors
2  and assigns; THE MORTGAGE
   STORE FINANCIAL INC., a
3  California corporation, its successors
   and assigns; QUALITY LOAN
4  SERVICE CORPORATION, a
   California corporation; MERITAGE
5  MORTGAGE CORPORATION, an
   Oregon corporation, its successors and
6  assigns; HOMEWIDE LENDING
   CORP, a California corporation, its
7  successors and assigns; SELECT
   PORTFOLIO SERVICING, INC. a
8  Utah corporation; INDYMAC BANK,
   FSB; EVERHOME MORTGAGE
9  COMPANY a Florida corporation;
   EMC MORTGAGE COMPANY, a
10 Delaware corporation; OCWEN LOAN
   SERVICING LLC, a Delaware limited
11 liability company; CREDIT SUISSE
   FIRST BOSTON MORTGAGE
12 SECURITIES CORP. on behalf of the
   Credit Suisse Adjustable Rate Mortgage
13 Trust 2006-3, a Delaware corporation;
   MERCHANTS BONDING
14 COMPANY, an Iowa corporation;
   INTERNATIONAL FIDELITY
15 INSURANCE COMPANY, a New
   Jersey corporation; US BANK N.A.
16 (Doe 1); BANK OF AMERICA NA,
   successor to La Salle Bank NA,
17 Assignee of EMC Mortgage
   Corporation (Doe 2); FEDERAL
18 HOME LOAN MORTGAGE
   ASSOCIATION, assignee of interest
19 from EMC Mortgage Corporation (Doe
   3); HSBC Bank USA, N.A., as Trustee
20 for the registered holders of the Nomura
   Asset Acceptance Corporation
21 Alternative Loan Trust Series 2006-S5
   (Doe 4); and DOES 5-100, inclusive,
22
                    Defendants.
23

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

738832.1 4872.036

2

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Defendants EMC MORTGAGE CORPORATION, LASALLE BANK, N.A., AND FEDERAL HOME LOAN MORTGAGE CORPORATION (collectively "the Moving Parties") submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Civil Rules against plaintiff MARGARITA CORTEZ ("CORTEZ"):

## UNCONTROVERTED FACTS

| Uncontroverted: | Supporting Evidence: |
|---|---|
| 1. In 2004, Plaintiff Margarita Cortez ("Plaintiff") used the services of defendant Tri-Star Realty & Investment ("Tri-Star") and Javier Guerrero to purchase real estate and obtain a mortgage loan. | 1. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶ 3-5. Request for Judicial Notice Nos. 5 and 6; Exhibits 13 and 14 to Motion for Summary Judgment. |
| 2. Plaintiff disclosed her personal information and credit history to Tri-Star and Javier Guerrero in the course of obtaining the loan. | 2. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶ 4. Request for Judicial Notice No. 5 and 6; Exhibits 13 and 14 to Motion for Summary Judgment. |
| 3. Tri-Star and Javier Guerrero then used her name and credit reputation for their own use and benefit by obtaining loans secured by purchase money deeds of trust to acquire the five pieces of real property at issue in this action. | 3. Plaintiff's Verified First Amended Complaint ¶ 33-34. Request for Judicial Notice No. 5; Exhibit 13 to Motion for Summary Judgment. |
| 4. Plaintiff was not involved in these | 4. Plaintiff's Verified First Amended |

| | Uncontroverted: | | Supporting Evidence: |
|---|---|---|---|
| | transactions, did not sign any of the deeds of trust or loan documents, and did not discover that the five properties were purchased with purchase money loans in her name until after the transactions had taken place. | | Complaint ¶ 34; Declaration of Margarita Cortez ¶ 6 and 23. Request for Judicial Notice No. 5 and 6; Exhibits 13 and 14 to Motion for Summary Judgment. |
| 5. | Javier Guerrero agreed to pay Plaintiff $130,000 after admitting that he had used Plaintiff's identity to purchase one of the properties. Plaintiff received a partial payment of $70,000 from Javier Guerrero. | 5. | Declaration of Margarita Cortez ¶ 7 and 8. Request for Judicial Notice No. 6; Exhibit 14 to Motion for Summary Judgment. |
| 6. | A Grant Deed was executed by Gabriel Mata and Steven Hernandez, transferring the real property located at 20946 Laguna Road, # A-D, Apple Valley, California ("the Laguna Road Property") to Margarita Cortez, and recorded on July 27, 2006 as Instrument No. 2006-0509092 in the County of San Bernardino Recorder's Office. | 6. | Grant Deed, recorded on July 27, 2006 as Instrument No. 2006-0509092 in the County of San Bernardino Recorder's Office. Request for Judicial Notice No. 4; Exhibit 12 to Motion for Summary Judgment. |
| 7. | Margarita Cortez executed a Deed of Trust in the amount of $492,000 in favor of Homewide Lending ("Homewide"), encumbering the Laguna Road Property which was | 7. | Deed of Trust recorded on July 27, 2006, as Instrument No. 2006-0509093 in the County of San Bernardino Recorder's Office. Request for Judicial Notice No. 1; |

| | **Uncontroverted:** | | **Supporting Evidence:** |
|---|---|---|---|
| | recorded on July 27, 2006, as Instrument No. 2006-0509093. | | Exhibit 1 to Motion for Summary Judgment. |
| 8. | The purchase money loan made by Homewide to Margarita Cortez in July 2006 ("the Homewide Loan") was intended to be in a first priority position secured by the Deed of Trust in the amount of $492,000 in favor of Homewide, encumbering the Laguna Road Property which was recorded on July 27, 2006, as Instrument No. 2006-0509093. | 8. | First Declaration of Ashley Stephenson ¶ 7. |
| 9. | There was no notice of or reference to the claims of Margarita Cortez with regard to the Laguna Road Property in the Homewide Loan file at the time the purchase money loan was made to Margarita Cortez in July 2006. | 9. | Declaration of Ashley Stephenson re 1st Deed of Trust ¶ 7. |
| 10. | The loan was purchased from Homewide in EMC's name and with EMC as the new servicer. The loan is in EMC's name as per an Allonge executed from Homewide to EMC. | 10. | Declaration of Ashley Stephenson re 1st Deed of Trust ¶ 6; Exhibit 5 to Motion for Summary Judgment. |
| 11. | The Note secured by first Deed of Trust recorded on July 27, 2006, as Instrument No. 2006-0509093 was | 11. | Declaration of Ashley Stephenson re 1st Deed of Trust ¶ 6; Exhibit 5 to Motion for Summary Judgment. |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

| | Uncontroverted: | Supporting Evidence: |
|---|---|---|
| 1 | | |
| 2 | assigned to EMC by way of an Allonge | |
| 3 | executed by Homewide. | |
| 4 | 12.    Because the loan is in EMC's | 12.    Exhibit 5 to Motion for Summary |
| 5 | name, Federal Home Loan Mortgage | Judgment. |
| 6 | Corporation ("FHLMC") has no | |
| 7 | recorded interest in the Deed of Trust, | |
| 8 | and any separate agreement between | |
| 9 | EMC and FHLMC is irrelevant to this | |
| 10 | case. | |
| 11 | 13.    EMC is the servicer of the loan. | 13.    Declaration of Ashley Stephenson re |
| 12 | EMC's servicing responsibilities | 1st Deed of Trust ¶ 3; Exhibits 3 and |
| 13 | include management of certain litigation | 4 to Motion for Summary Judgment. |
| 14 | relating to loans it services, including | |
| 15 | the current lawsuit. | |
| 16 | 14.    When EMC acquired the | 14.    Declaration of Ashley Stephenson re |
| 17 | Homewide Loan, it believed the Deed of | 1st Deed of Trust ¶ 7. |
| 18 | Trust securing the loan was in a first | |
| 19 | priority position encumbering the | |
| 20 | Laguna Road Property. | |
| 21 | 15.    Margarita Cortez executed a | 15.    Request for Judicial Notice No. 3; |
| 22 | second Deed of Trust in the amount of | Declaration of Ashley Stephenson re |
| 23 | $123,000 in favor of Homewide, | 2nd Deed of Trust ¶ 5; Exhibit 8 to |
| 24 | encumbering the Laguna Road Property | Motion for Summary Judgment. |
| 25 | which was recorded on July 27, 2006, as | |
| 26 | Instrument No. 2006-0509094. | |
| 27 | 16.    The purchase money loan made | 16.    Declaration of Ashley Stephenson re |
| 28 | | |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

738832.1 4872.036

| | **Uncontroverted:** | **Supporting Evidence:** |
|---|---|---|
| | by Homewide to Margarita Cortez in July 2006 ("the Homewide Loan") was intended to be in a second priority position secured by the Deed of Trust in the amount of $123,000 in favor of Homewide, encumbering the Laguna Road Property which was recorded on July 27, 2006, as Instrument No. 2006-0509094. | 2nd Deed of Trust ¶ 5. |
| 17. | There was no notice of or reference to the claims of Margarita Cortez with regard to the Laguna Road Property in the Homewide Loan file at the time the purchase money loan was made to Margarita Cortez in July 2006. | 17. Declaration of Ashley Stephenson re 2nd Deed of Trust ¶ 7. |
| 18. | The loan was purchased from Homewide by LaSalle Bank National Association, with EMC becoming the new servicer. | 18. Declaration of Ashley Stephenson re 2nd Deed of Trust ¶ 6. Exhibits 7 and 10 to Motion for Summary Judgment. |
| 19. | The Deed of Trust recorded on July 27, 2006, as Instrument No. 2006-0509094 was assigned to Bank of America successor by merger to LaSalle Bank National Association by way of an Allonge executed by Homewide. | 19. Declaration of Ashley Stephenson re 2nd Deed of Trust ¶ 6. Exhibit 11 to Motion for Summary Judgment. |
| 20. | EMC is the servicer of the loan | 20. Declaration of Ashley Stephenson re |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

738832.1 4872.036

| Uncontroverted: | Supporting Evidence: |
|---|---|
| and has been authorized to handle and manage litigation regarding the Note and Deed of Trust on behalf of LaSalle. EMC's servicing responsibilities include management of certain litigation relating to loans it services, including the current lawsuit. | 2nd Deed of Trust ¶ 3; Exhibit 6 to Motion for Summary Judgment. |
| 21. When EMC and LaSalle acquired the Homewide Loan, they believed the Deed of Trust securing the loan was second priority position encumbering the Laguna Road Property. | 21. Declaration of Ashley Stephenson re 2nd Deed of Trust ¶ 7. |
| 22. EMC and LaSalle did not have any actual notice or knowledge of Plaintiff's claims at the time LaSalle acquired the Homewide Loan and Deed of Trust. | 22. Declaration of Ashley Stephenson re 2nd Deed of Trust ¶7. |
| 23. Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee of Homewide Lending and its successor and assigns and does not have a pecuniary interest in the notes of deeds of trust encumbering the Laguna Road Property. | 23. Exhibit 8 to Motion for Summary Judgment. |

///
///
///

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## CONCLUSIONS OF LAW

1. Because the Deed of Trust in the amount of $123,000 in favor of Homewide Lending which encumbered the Laguna Road Property, which was recorded on July 27, 2006 as Instrument No. 2006-0509094, was signed by another person using Plaintiff's name, and that person intended to encumber the property, the Deed of Trust is valid and enforceable.

2. Plaintiff cannot base her cancellation of instruments cause of action on the Identity Theft Statute (Civil Code § 1798.92 through 1798.97) because an identity theft victim may only recover undistributed surplus proceeds that remain after a trustee's sale of the property and the satisfaction of lienholders and creditors. Thus, Plaintiff cannot cancel the Deed of Trust encumbering the Laguna Road Property which was recorded on July 27, 2006, as Instrument No. 2006-0509094 based on a claim of Identity Theft.

3. Plaintiff does not qualify as a "victim of identity theft" as defined in Civil Code 1798.92(d) which requires that the person not "use or possess the credit, goods, services, money, or property obtained by the identity theft" because Plaintiff admitted that she received $70,000 from perpetrator Javier Guerrero.

4. Plaintiff did not acquire any interest in the Laguna Road Property pursuant to the Grant Deed recorded on July 27, 2006 as Instrument No. 2006-0509092 because someone else received title to the Laguna Road Property in Plaintiff's name and encumbered the Laguna Road Property with loans secured by first and second deeds of trust.

5. Plaintiff did not acquire any interest in the Laguna Road Property pursuant to the Grant Deed recorded on July 27, 2006 as Instrument No. 2006-0509092 because she did not intend to accept title and did not accept title to the Laguna Road Property.

6. EMC Mortgage Corporation, Federal Home Loan Mortgage Corporation and LaSalle Bank, N.A. are entitled to judgment as a matter of law on

Plaintiff's Ninth Cause of Action for Cancellation of Instruments as to the Laguna Road Property.

7. EMC Mortgage Corporation, Federal Home Loan Mortgage Corporation and LaSalle Bank, N.A. are entitled to judgment as a matter of law on Plaintiff's Twelfth Cause of Action for Quiet Title as to the Laguna Road Property.

8. EMC Mortgage Corporation, Federal Home Loan Mortgage Corporation and LaSalle Bank, N.A. are entitled to judgment as a matter of law on Plaintiff's Seventeenth Cause of Action for Temporary and Permanent Injunction Against Foreclosure as to the Laguna Road Property.

9. EMC Mortgage Corporation, Federal Home Loan Mortgage Corporation and LaSalle Bank, N.A. are entitled to judgment as a matter of law on Plaintiff's Eighteenth Cause of Action for Declaratory Relief as to the Laguna Road Property.

DATED: June 29, 2009

_____
HON. MANUEL L. REAL