1 JESSE S. HERNANDEZ (Bar No. 92708)
jsh@amclaw.com
2 VANESSA H. WIDENER (Bar No. 203967)
vhw@amclaw.com
3 ARNOLD W. HOLADAY (Bar No. 166390)
awh@amclaw.com
4 ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
5 444 South Flower Street
Los Angeles, California 90071-2901
6 TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594


FILED
CLERK, U.S. DISTRICT COURT
JUN 29 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7 Attorneys for Federal Deposit Insurance Corporation, as Conservator for IndyMac Federal Bank, FSB, HSBC Bank USA, N.A.; EMC Mortgage
8 Corporation; Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; LaSalle Bank, N.A.; Washington Mutual Bank, F.A., Federal
9 Home Loan Mortgage Corporation, LNV Corporation and MGC Mortgage, Inc.

10

11 UNITED STATES DISTRICT COURT

12 CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

14 MARGARITA CORTEZ, | Case No. CV08-6737 R (PJWx)

15 Plaintiff, | STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT OF DEFENDANTS HSBC BANK USA, N.A. AND OCWEN LOAN SERVICING, LLC

16 vs.

17 TRI STAR REALTY AND INVESTMENTS, INC., a California
18 corporation; JAVIER GUERRERO; ZACHERY YATES; JORGE
19 ENRIQUEZ; JOHN ROBLEDO; MARIA VERONICA ROBLEDO;
20 LEOPOLDO GUERRERO; ANTONIA GUERRERO; ARMANDO A. ZUNO,
21 JR.; and all persons claiming by, through or under such person, all
22 persons unknown, claiming any legal or equitable right, title, estate, lien, or
23 interest in the property described in the complaint adverse to Plaintiff's title, or
24 any cloud on Plaintiff's title thereto; MORTGAGE ELECTRONIC
25 REGISTRATION SYSTEMS INC., a Delaware corporation; NDEX WEST
26 LLC., a Delaware limited liability company; WELLS FARGO BANK
27 N.A. doing business as AMERICAS SERVICING COMPANY;
28 WASHINGTON MUTUAL BANK,

Date: June 15, 2009
Time: 10:00 a.m.
Crtrm.: 8

Trial: July 28, 2009

738841.1 4872.036

1
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  F.A.; HOMEFIELD FINANCIAL INC.,
   a California corporation, its successors
2  and assigns; THE MORTGAGE
   STORE FINANCIAL INC., a
3  California corporation, its successors
   and assigns; QUALITY LOAN
4  SERVICE CORPORATION, a
   California corporation; MERITAGE
5  MORTGAGE CORPORATION, an
   Oregon corporation, its successors and
6  assigns; HOMEWIDE LENDING
   CORP, a California corporation, its
7  successors and assigns; SELECT
   PORTFOLIO SERVICING, INC. a
8  Utah corporation; INDYMAC BANK,
   FSB; EVERHOME MORTGAGE
9  COMPANY a Florida corporation;
   EMC MORTGAGE COMPANY, a
10 Delaware corporation; OCWEN LOAN
   SERVICING LLC, a Delaware limited
11 liability company; CREDIT SUISSE
   FIRST BOSTON MORTGAGE
12 SECURITIES CORP. on behalf of the
   Credit Suisse Adjustable Rate Mortgage
13 Trust 2006-3, a Delaware corporation;
   MERCHANTS BONDING
14 COMPANY, an Iowa corporation;
   INTERNATIONAL FIDELITY
15 INSURANCE COMPANY, a New
   Jersey corporation; US BANK N.A.
16 (Doe 1); BANK OF AMERICA NA,
   successor to La Salle Bank NA,
17 Assignee of EMC Mortgage
   Corporation (Doe 2); FEDERAL
18 HOME LOAN MORTGAGE
   ASSOCIATION, assignee of interest
19 from EMC Mortgage Corporation (Doe
   3); HSBC Bank USA, N.A., as Trustee
20 for the registered holders of the Nomura
   Asset Acceptance Corporation
21 Alternative Loan Trust Series 2006-S5
   (Doe 4); and DOES 5-100, inclusive,
22
            Defendants.
23
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

738841.1 4872.036

2

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Defendants, HSBC Bank USA, N.A. and Ocwen Loan Servicing, LLC (collectively "the Moving Parties") submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Civil Rules against plaintiff MARGARITA CORTEZ ("CORTEZ"):

## UNCONTROVERTED FACTS

| Uncontroverted: | Supporting Evidence: |
|---|---|
| 1. In 2004, Plaintiff Margarita Cortez ("Plaintiff") used the services of defendant Tri-Star Realty & Investment ("Tri-Star") and Javier Guerrero to purchase real estate and obtain a mortgage loan. | 1. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶ 3-5. Request for Judicial Notice Nos. 1 and 2; Exhibits 1 and 2 to Motion for Summary Judgment. |
| 2. Plaintiff disclosed her personal information and credit history to Tri-Star and Javier Guerrero in the course of obtaining the loan. | 2. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶ 4. Request for Judicial Notice No. 1 and 2; Exhibits 1 and 2 to Motion for Summary Judgment. |
| 3. Tri-Star and Javier Guerrero then used her name and credit reputation for their own use and benefit by obtaining loans secured by purchase money deeds of trust to acquire the five pieces of real property at issue in this action. | 3. Plaintiff's Verified First Amended Complaint ¶ 33-34. Request for Judicial Notice No. 1; Exhibit 1 to Motion for Summary Judgment. |
| 4. Plaintiff was <u>not</u> involved in these | 4. Plaintiff's Verified First Amended |

| Uncontroverted: | Supporting Evidence: |
|---|---|
| transactions, did <u>not</u> sign any of the deeds of trust or loan documents, and did <u>not</u> discover that the five properties were purchased with purchase money loans in her name until after the transactions had taken place. | Complaint ¶ 34; Declaration of Margarita Cortez ¶ 6 and 23. Request for Judicial Notice No. 1 and 2; Exhibits 1 and 2 to Motion for Summary Judgment. |
| 5. Javier Guerrero agreed to pay Plaintiff $130,000 after admitting that he had used Plaintiff's identity to purchase one of the properties. Plaintiff received a partial payment of $70,000 from Javier Guerrero. | 5. Declaration of Margarita Cortez ¶ 7 and 8. Request for Judicial Notice No. 2; Exhibit 2 to Motion for Summary Judgment. |
| 6. A Grant Deed was executed by Carlos Paez and Sara Paez, Husband and Wife as Joint Tenants, transferring the real property located at 15341 Broken Bow Road, # 1-4, Apple Valley, California ("the Broken Bow Property") to John Robledo and Maria Veronica Robledo, Husband and Wife, and Margarita Cortez, an Unmarried Woman all Joint Tenants, recorded on June 21, 2006 as Instrument No. 2006-0421638 in the County of San Bernardino's Recorder's Office. | 6. Grant Deed, recorded on June 21, 2006 as Instrument No. 2006-0421638 in the County of San Bernardino's Recorder's Office. Request for Judicial Notice No. 3; Exhibit 3 to Motion for Summary Judgment. |
| 7. John Robledo and Maria | 7. Deed of Trust recorded on June 21, |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

| | **Uncontroverted:** | **Supporting Evidence:** |
|---|---|---|
| | Veronica Robledo executed a second Deed of Trust in the amount of $124,000 in favor of Homewide Lending ("Homewide"), encumbering the Broken Bow Property which was recorded on June 21, 2006, as Instrument No. 2006-0421640. | 2006, as Instrument No. 2006-0421640 in the County of San Bernardino's Recorder's Office. Request for Judicial Notice No. 5; Exhibit 5 to Motion for Summary Judgment. |
| 8. | The purchase money loan made by Homewide to John Robledo and Maria Veronica Robledo and Margarita Cortez in June 2006 ("the Homewide Loan") was intended to be in a second priority position secured by the Deed of Trust in the amount of $124,000 in favor of Homewide, encumbering the Broken Bow Property which was recorded on June 21, 2006, as Instrument No. 2006-0421640. | 8. Declaration of Nichelle Jones ¶ 4. |
| 9. | The Homewide loan was used to pay off a prior loan on the Broken Bow Property in the amount of $111,912.69. | 9. Declaration of Nichelle Jones ¶ 6; Ex. 2 to Jones Declaration. |
| 10. | There was no notice of or reference to the claims of Margarita Cortez with regard to the Broken Bow Property in the Homewide Loan file at the time the purchase money loan was | 10. Declaration of Nichelle Jones ¶ 4. |

| Uncontroverted: | Supporting Evidence: |
|---|---|
| made to John Robledo and Maria Veronica Robledo and Margarita Cortez in June 2006. | |
| 11. HSBC bought the Homewide Loan from Homewide on or about October 2, 2006. | 11. Declaration of Nichelle Jones ¶ 5. |
| 12. The Deed of Trust recorded on June 21, 2006 as Instrument No. 2006-0421640 was purportedly assigned through MERS to HSBC pursuant to the Assignment of Deed of Trust recorded on September 11, 2008 as Instrument No. 2008-0413873. However, the Instrument Number being assigned was incorrectly filled in and a Corrective Assignment was required. The Note dated June 7, 2006 was purchased by HSBC. | 12. Assignment of Deed of Trust recorded on September 11, 2008 as Instrument No. 2008-0413873 in the County of San Bernardino Recorder's Office. Request for Judicial Notice No. 7; Exhibit 7 to Motion for Summary Judgment. Declaration of Nichelle Jones ¶ 5; Exhibit 1 to Jones Declaration. |
| 13. The Deed of Trust recorded on June 21, 2006, as Instrument No. 2006-0421640 was assigned through MERS to HSBC pursuant to the Corrective Assignment of Deed of Trust recorded on April 3, 2009 as Instrument No. 2009-0142524. The Note dated June 7, 2006 was purchased by HSBC. | 13. Corrective Assignment of Deed of Trust recorded on April 3, 2009 as Instrument No. 2009-0142524 in the County of San Bernardino Recorder's Office. Request for Judicial Notice No. 8; Exhibit 8 to Motion for Summary Judgment. Declaration of Nichelle Jones ¶ 5; |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

| Uncontroverted: | Supporting Evidence: |
|---|---|
| 14. Ocwen Loan Servicing LLC ("Ocwen") is the servicer of the Homewide Loan for HSBC. Ocwen's servicing responsibilities include management of certain litigation relating to loans it services, including the current lawsuit. | Exhibit 1 to Jones Declaration.<br>14. Declaration of Nichelle Jones ¶5. |
| 15. When HSBC acquired the Homewide Loan, it believed the Deed of Trust securing the loan was in a second priority position encumbering the Broken Bow Property. | 15. Declaration of Nichelle Jones ¶7. |
| 16. HSBC and Ocwen did not have any actual notice or knowledge of Plaintiff's claims at the time HSBC acquired the Homewide Loan and Deed of Trust. | 16. Declaration of Nichelle Jones ¶ 7. |

## CONCLUSIONS OF LAW

1. Because the Deed of Trust in the amount of $124,000 in favor of Homewide Lending encumbering the Broken Bow Property, which was recorded on June 21, 2006, as Instrument No. 2006-0421640, was signed by another person using Plaintiff's name, and that person intended to encumber the property, the Deed of Trust is valid and enforceable.

2. Plaintiff cannot base her cancellation of instruments cause of action on the Identity Theft Statute (Civil Code § 1798.92 through 1798.97) because an

identity theft victim may only recover undistributed surplus proceeds that remain after a trustee's sale of the property and the satisfaction of lienholders and creditors. Thus, Plaintiff cannot cancel the Deed of Trust encumbering the Broken Bow Road Property which was recorded on June 21, 2006, as Instrument No. 2006-0421640 based on a claim of Identity Theft.

3. Plaintiff does not qualify as a "victim of identity theft" as defined in Civil Code 1798.92(d) which requires that the person not "use or possess the credit, goods, services, money, or property obtained by the identity theft because Plaintiff admitted that she received $70,000 from perpetrator Javier Guerrero.

4. Plaintiff did not acquire any interest in the Broken Bow Road Property pursuant to the Grant Deed recorded on June 21, 2006 as Instrument No. 2006-0421640 because someone else received title to the Broken Bow Property in Plaintiff's name and encumbered the Broken Bow Property with loans secured by first and second deeds of trust.

5. Plaintiff did not acquire any interest in the Broken Bow Road Property pursuant to the Grant Deed recorded on June 21, 2006 as Instrument No. 2006-0421640 because she did not intend to accept title and did not accept title to the Broken Bow Property.

6. HSBC and Ocwen are entitled to judgment as a matter of law on Plaintiff's Tenth Cause of Action for Cancellation of Instruments as to the Broken Bow Property.

7. HSBC and Ocwen are entitled to judgment as a matter of law on Plaintiff's Twelfth Cause of Action for Quiet Title as to the Broken Bow Property.

8. HSBC and Ocwen are entitled to judgment as a matter of law on Plaintiff's Seventeenth Cause of Action for Temporary and Permanent Injunction Preventing Foreclosure as to the Broken Bow Property.

///
///

9.    HSBC and Ocwen are entitled to judgment as a matter of law on Plaintiff's Eighteenth Cause of Action for Declaratory Relief as to the Broken Bow Property.

DATED: June 29, 2009

_____
HON. MANUEL L. REAL

*The court has read and reviewed the uncontroverted facts and finds these facts are supported by competent evidence and result in summary adjudication.*

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

738841.1 4872.036