JESSE S. HERNANDEZ (Bar No. 92708)
  jsh@amclaw.com
ARNOLD W. HOLADAY (Bar No. 166390)
  awh@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Federal Deposit Insurance Corporation, as Conservator for IndyMac Federal Bank, FSB, HSBC Bank USA, N.A.; EMC Mortgage Corporation; Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; LaSalle Bank, N.A.; Washington Mutual Bank, F.A., Federal Home Loan Mortgage Corporation, LNV Corporation and MGC Mortgage, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARGARITA CORTEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>TRI STAR REALTY AND INVESTMENTS, INC., a California corporation; JAVIER GUERRERO; ZACHERY YATES; JORGE ENRIQUEZ; JOHN ROBLEDO; MARIA VERONICA ROBLEDO; LEOPOLDO GUERRERO; ANTONIA GUERRERO; ARMANDO A. ZUNO, JR.; and all persons claiming by, through or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Delaware corporation; NDEX WEST LLC., a Delaware limited liability company; WELLS FARGO BANK N.A. doing business as AMERICAS SERVICING COMPANY; WASHINGTON MUTUAL BANK, F.A.; HOMEFIELD FINANCIAL INC., a California corporation, its successors | Case No. CV08-6737 R (PJWx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS CONSERVATOR FOR INDYMAC FEDERAL BANK, FSB**<br><br>[*Notice of Motion and Motion for Summary Judgment, Memorandum of Points and Authorities, Evidence and Declaration, Request for Judicial Notice and Proposed Order filed concurrently herewith*]<br><br>**Date:    July 6, 2009**<br>**Time:    10:00 a.m.**<br>**Crtrm.:  8**<br><br>Trial:    July 28, 2009 |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  and assigns; THE MORTGAGE
2  STORE FINANCIAL INC., a California corporation, its successors
3  and assigns; QUALITY LOAN SERVICE CORPORATION, a
   California corporation; MERITAGE
4  MORTGAGE CORPORATION, an Oregon corporation, its successors and
5  assigns; HOMEWIDE LENDING CORP, a California corporation, its
6  successors and assigns; SELECT PORTFOLIO SERVICING, INC. a
7  Utah corporation; INDYMAC BANK, FSB; EVERHOME MORTGAGE
8  COMPANY a Florida corporation; EMC MORTGAGE COMPANY, a
9  Delaware corporation; OCWEN LOAN SERVICING LLC, a Delaware limited
10 liability company; CREDIT SUISSE FIRST BOSTON MORTGAGE
11 SECURITIES CORP. on behalf of the Credit Suisse Adjustable Rate Mortgage
12 Trust 2006-3, a Delaware corporation; MERCHANTS BONDING
13 COMPANY, an Iowa corporation; INTERNATIONAL FIDELITY
14 INSURANCE COMPANY, a New Jersey corporation; US BANK N.A.
15 (Doe 1); BANK OF AMERICA NA, successor to La Salle Bank NA,
16 Assignee of EMC Mortgage Corporation (Doe 2); FEDERAL
17 HOME LOAN MORTGAGE ASSOCIATION, assignee of interest
18 from EMC Mortgage Corporation (Doe 3); HSBC Bank USA, N.A., as Trustee
19 for the registered holders of the Nomura Asset Acceptance Corporation
20 Alternative Loan Trust Series 2006-S5 (Doe 4); and DOES 5-100, inclusive,
21
                    Defendants.
22

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

733529.1 4872.036

2

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Defendant, **Federal Deposit Insurance Corporation, as Conservator for IndyMac Federal Bank, FSB**, submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Civil Rules against plaintiff MARGARITA CORTEZ:

## UNCONTROVERTED FACTS

| Uncontroverted: | Supporting Evidence: |
|---|---|
| 1. In 2004, Plaintiff Margarita Cortez ("Plaintiff") used the services of defendant Tri-Star Realty & Investment ("Tri-Star") and Javier Guerrero to purchase real estate and obtain a mortgage loan. | 1. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶¶ 3-5.  Request for Judicial Notice Nos. 3, 4 and 6; Exhibits 5 and 6 to Motion for Summary Judgment. |
| 2. Plaintiff disclosed her personal information and credit history to Tri-Star and Javier Guerrero in the course of obtaining the loan. | 2. Plaintiff's Verified First Amended Complaint ¶ 32; Declaration of Margarita Cortez ¶ 4.  Request for Judicial Notice Nos. 3 and 4; Exhibits 5 and 6 to Motion for Summary Judgment. |
| 3. Tri-Star and Javier Guerrero then used her name and credit reputation for their own use and benefit by obtaining loans secured by purchase money deeds of trust to acquire the five pieces of real property at issue in this action. | 3. Plaintiff's Verified First Amended Complaint ¶¶ 33-34.  Request for Judicial Notice No. 3; Exhibit 5 to Motion for Summary Judgment. |
| 4. Plaintiff was <u>not</u> involved in these transactions, did <u>not</u> sign any of the | 4. Plaintiff's Verified First Amended Complaint ¶ 34; Declaration of |

| **Uncontroverted:** | **Supporting Evidence:** |
|---|---|
| deeds of trust or loan documents, and did not discover that the five properties were purchased with purchase money loans in her name until after the transactions had taken place. | Margarita Cortez ¶¶ 6 and 23. Request for Judicial Notice Nos. 3 and 4; Exhibits 5 and 6 to Motion for Summary Judgment. |
| 5.    Javier Guerrero agreed to pay Plaintiff $130,000 after admitting that he had used Plaintiff's identity to purchase one of the properties. Plaintiff received a partial payment of $70,000 from Javier Guerrero. | 5.    Declaration of Margarita Cortez ¶¶ 7 and 8. Request for Judicial Notice No. 4; Exhibit 6 to Motion for Summary Judgment. |
| 6.    A Grant Deed was executed by Carlos Paez and Sara Paez, transferring the real property located at 15341 Broken Bow Road, # 1-4, Apple Valley, California ("the Broken Bow Property") to John Robledo and Maria Veronica Robledo, Husband and Wife and Margarita Cortez, an Unmarried Woman, all Joint Tenants and recorded on June 21, 2006 as Instrument No. 2006-0421638 in the County of San Bernardino Recorder's Office. | 6.    Grant Deed, recorded on June 21, 2006 as Instrument No. 2006-0421638 in the County of San Bernardino Recorder's Office. Request for Judicial Notice No. 2; Exhibit 4 to Motion for Summary Judgment. |
| 7.    John Robledo and Maria Robledo executed a Deed of Trust in the amount of $496,000 in favor of Homewide | 7.    Deed of Trust recorded on June 21, 2006, as Instrument No. 2006-0421639 in the County of San |

| Uncontroverted: | Supporting Evidence: |
|---|---|
| Lending, Corp. ("Homewide"), encumbering the Broken Bow Property which was recorded on June 21, 2006, as Instrument No. 2006-0421639. | Bernardino Recorder's Office. Request for Judicial Notice No. 1; Exhibit 2 to Motion for Summary Judgment. |
| 8. The purchase money loan made by Homewide to the Robledos in June 2006 ("the Homewide Loan") was intended to be in a first priority position secured by the Deed of Trust in the amount of $496,000 in favor of Homewide, encumbering the Broken Bow Property which was recorded on June 21, 2006, as Instrument No. 2006-0421639. | 8. Declaration of Roger Stotts ¶4. |
| 9. There was no notice of or reference to the claims of Margarita Cortez with regard to the Broken Bow Property in the Homewide Loan file at the time the purchase money loan was made to the Robledos in June 2006. | 9. Declaration of Roger Stotts ¶4. |
| 10. The Note dated June 7, 2006 was purchased by IndyMac Bank FSB ("IndyMac") from Homewide on or about October 1, 2006. The Deed of Trust was later assigned of record through Mortgage Electronic | 10. Declaration of Roger Stotts ¶5 ; Request for Judicial Notice No. 1; Exhibits 1 and 2 to Motion for Summary Judgment. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

| Uncontroverted: | Supporting Evidence: |
|---|---|
| Registration Systems, Inc. ("MERS") to IndyMac pursuant to the Assignment of Deed of Trust recorded on February 7, 2008 as instrument No. 2008-0056712. | |
| 11.  When IndyMac acquired the Homewide Loan, it believed the Deed of Trust securing the loan was in a first priority position encumbering the Broken Bow Property.  IndyMac did not have any actual notice or knowledge of Plaintiff's claims at the time the Homewide Loan and Deed of Trust were acquired. | 11.  Declaration of Roger Stotts ¶6. |
| 12.  Following the origination of the Homewide Loan and subsequent assignment to IndyMac, a series of transactions took place by which IndyMac placed the Note and Deed of Trust into a securitized pool, and retained the servicing rights for the subject loan.  OneWest received those servicing rights from the FDIC as Receiver for IndyMac Bank on March 19, 2009. | 12.  Declaration of Roger Stotts ¶7. |
| 13.  Pursuant to the servicing agreement, OneWest is the servicer of | 13.  Declaration of Roger Stotts ¶7. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

733529.1 4872.036

6

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| **Uncontroverted:** | **Supporting Evidence:** |
|---|---|
| the loan. Its servicing responsibilities include collection of the debt and management of certain litigation relating to loans it services, including the current lawsuit. | |
| 14. The Note secured by Deed of Trust is currently held by HSBC Bank USA, National Association, as trustee for the holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR6 Mortgage Pass-Through Certificates pursuant to the Pooling and Servicing agreement, dated as of June 1, 2005 as amended and restated to and including December 1, 2005. Wells Fargo Bank, N.A., is the Master Servicer and OneWest is the sub-servicer. | 14. Declaration of Roger Stotts ¶8. |
| 15. When IndyMac acquired the Homewide Loan, it believed the Deed of Trust securing the loan was in a first priority position encumbering the Broken Bow Property. | 15. Declaration of Roger Stotts ¶ 6. |
| 16. Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee of Homewide and its successor | 16. Request for Judicial Notice No. 1; Exhibit 2 to Motion for Summary Judgment. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

| **Uncontroverted:** | **Supporting Evidence:** |
|---|---|
| and assigns and does not have a pecuniary interest in the Note and Deed of Trust encumbering the Broken Bow Property. | |
| 17.  The sum of $445,368.31 from the loan proceeds was used to pay off the prior valid lien. | 17.  Declaration of Roger Stotts ¶ 9; Exhibit 3 to the Motion for Summary Judgment. |

## CONCLUSIONS OF LAW

1.  The Deed of Trust in the amount of $496,000 in favor of Homewide Mortgage recorded on June 21, 2006 as Instrument No. 2006-0421639 encumbering the Broken Bow Property, was signed by a person who intended to encumber the property.  As a result, the Deed of Trust is valid and enforceable.

2.  Plaintiff cannot base her cancellation of instruments cause of action on the Identity Theft Statute (Civil Code § 1798.92 through 1798.97) because she is not a trustor on the Deed of Trust, and an identity theft victim may only recover undistributed surplus proceeds that remain after a trustee's sale of the property and the satisfaction of lienholders and creditors.  Thus, Plaintiff cannot cancel the Deed of Trust encumbering the Broken Bow Property which was recorded on June 21, 2006, as Instrument No. 2006-0421639 based on a claim of Identity Theft.

3.  Plaintiff does not qualify as a "victim of identity theft" as defined in Civil Code 1798.92(d) which requires that the person not "use or possess the credit, goods, services, money, or property obtained by the identity theft" because Plaintiff admitted that she received $70,000 from perpetrator Javier Guerrero.

4.  Plaintiff did not acquire any interest in the Broken Bow Property pursuant to the Grant Deed recorded on June 21, 2006 as Instrument No. 2006-0421638 because someone else received title to the Broken Bow Property in

1  Plaintiff's name and encumbered the Broken Bow Property with a loan secured by a
2  first deed of trust.
3     5.  Plaintiff did not acquire any interest in the Broken Bow Property
4  pursuant to the Grant Deed recorded on June 21, 2006 as Instrument No. 2006-
5  0421638 because she did not intend to accept title and did not accept title to the
6  Broken Bow Property.
7     6.  Federal Deposit Insurance Corporation, as Conservator for IndyMac
8  Federal Bank, FSB and any successors-in-interest to the Broken Bow Property are
9  entitled to judgment as a matter of law on Plaintiff's Tenth Cause of Action for
10 Cancellation of Instruments as to the Broken Bow Property.
11    7.  Federal Deposit Insurance Corporation, as Conservator for IndyMac
12 Federal Bank, FSB and any successors-in-interest to the Broken Bow Property are
13 entitled to judgment as a matter of law on Plaintiff's Twelfth Cause of Action for
14 Quiet Title as to the Broken Bow Property.
15    8.  Federal Deposit Insurance Corporation, as Conservator for IndyMac
16 Federal Bank, FSB and any successors-in-interest to the Broken Bow Property are
17 entitled to judgment as a matter of law on Plaintiff's Seventeenth Cause of Action
18 for Temporary and Permanent Injunction Against Foreclosure as to the Broken Bow
19 Property.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

9. Federal Deposit Insurance Corporation, as Conservator for IndyMac Federal Bank, FSB and any successors-in-interest to the Broken Bow Property are entitled to judgment as a matter of law on Plaintiff's Eighteenth Cause of Action for Declaratory Relief as to the Broken Bow Property.

DATED: _July 16, 2009

_____
The Hon. Manuel L. Real

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3602 Inland Empire Blvd., Suite C100, Ontario, CA 91764.

    On July ____, 2009, I served the following document(s) described as **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION AS CONSERVATOR FOR INDYMAC FEDERAL BANK, FSB** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

**BY MAIL:** I am "readily familiar" with Anderson, McPharlin & Conners' practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on July ____, 2009, at Ontario, California.

Cynthia Fitch

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

733529.1 4872.036

# SERVICE LIST
## Margarita Cortez v. Tri Star Realty and Investments, Inc., et al.
## 2:08-cv-06737-R-PJW

| | |
|---|---|
| William F. Swearinger, Esq.<br>WF Swearinger, Inc., PC<br>6255 Sunset Blvd., Suite 714<br>Hollywood, CA 90028-7411<br>Telephone: (323) 463-1111<br>Facsimile: (323) 463-0219 | Attorneys for Plaintiff,<br>Margarita Cortez |
| Carlos E. Sosa, Esq.<br>John Michael Pagan, Esq.<br>Hausman & Sosa LLP<br>18757 Burbank Boulevard<br>Suite 305<br>Tarzana, CA 91356-6329<br>Telephone: (818) 654-9000<br>Facsimile: (818) 654-9050 | Attorneys for Defendant,<br>International Fidelity<br>Insurance Company |
| John M. Williams, Jr., Esq.<br>Williams Law Group<br>236 W. Mountain Street<br>Suite 106<br>Pasadena, CA 91103<br>Telephone: (626) 795-9009<br>Facsimile: (626) 795-9003 | Attorneys for Defendants,<br>Jorge Enriquez, John<br>Robledo, Maria Veronica<br>Robledo, Leopoldo Guerrero,<br>Antonia Guerrero and<br>Armando A. Zuno, Jr. |
| Scott I. Richards, Esq.<br>Law Office of Scott I. Richards<br>313 North Birch Street<br>Santa Ana, CA 92701<br>Telephone: (714) 550-9800<br>Facsimile: (714) 550-9119 | Attorneys for<br>Defendant/Cross-<br>Complainant, Homewide<br>Lending Corporation |
| H. Joseph Nourmand, Esq.<br>Law Offices of H. Joseph Nourmand, APC<br>660 South Figueroa St., 24th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 688-2888<br>Facsimile: (213) 688-2848 | Attorneys for Defendant, The<br>Mortgage Store Financial,<br>Inc. |
| Richard S. Busch, Esq.<br>Law Offices of Richard Busch<br>2660 Townsgate Road, Suite 400<br>Westlake Village, CA 91361<br>Telephone: (805) 222-4234<br>Facsimile: (805) 497-7680 | Attorneys for Defendant,<br>Merchants Bonding<br>Company |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

733529.1 4872.036

| | | |
|---|---|---|
| 1 | Kenneth H. Martin, Esq.<br>Snyder Law<br>4050 Calle Real, Suite 200<br>Santa Barbara, CA 93110<br>Telephone: (805) 692-2800<br>Facsimile: (805) 692-2801 | Co-Counsel for Defendant, IndyMac Bank, F.S.B., and Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. AND Attorneys for Defendants US Bank N.A. and Select Portfolio Servicing, Inc. |
| 5 | | |
| 6 | Daniel J. Goulding, Esq.<br>McCarthy & Holthus LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101<br>Telephone: (619) 685-4800<br>Facsimile: (619) 685-4810 | Attorneys for Qualify Loan Service Corporation |
| 9 | Edward A. Treder Esq.<br>Barrett Daffin Frappier Treder & Weiss, LLP<br>917 South Village Oaks Drive, Suite 200<br>Covina, CA 91724<br>Telephone: (626) 915-5714<br>Facsimile: (626) 915-0289 | Attorneys for Defendant NDEx West, LLC |
| 13 | Robin Prema Wright, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court<br>Suite 280<br>Newport Beach, CA 92660<br>Telephone: (949) 477-5050<br>Facsimile: (949) 477-9200 | Attorneys for Defendants Everhome Mortgage Company & Mortgage Electronic Registration Systems, Inc. |
| 17 | Jeffrey B. Gardner, Esq.<br>Barry Gardner & Kincannon, A Professional Corporation<br>5000 Birch Street, Suite 420<br>Newport Beach, CA 92660<br>Telephone: (949) 851-9111<br>Facsimile: (949) 851-3935 | Attorneys for Defendants Wells Fargo Bank NA dba America's Servicing Company and Credit Suisse First Boston Mortgage Securities Corp. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

733529.1 4872.036